UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Reginald Barnes, | ) | Case No. 1:14 CV 1592 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | JUDGE JOHN R. ADAMS |
| City of Cleveland, et al., | ) ) ) | **MEMORANDUM OPINION AND** |
| Defendants. | ) ) | **ORDER**  [Doc. 22 & 39] |

This matter is before the Court on the motion for summary judgment filed by Defendants, the City of Cleveland, City of Cleveland Parking Violations Bureau, and City of Cleveland Parking Violations Bureau Photo Enforcement Division, John and Jane Doe ("the City of Cleveland"). (Doc. 22.)  The Court finds no genuine dispute of material fact as to the due process violations, claims for unjust enrichment, declaratory judgment, and injunctive relief alleged by Plaintiff, Reginald Barnes.  For the following reasons, the City of Cleveland is entitled to judgment as a matter of law.

**I.  FACTS**

Between April 2009 and December 2011, Mr. Barnes received nine tickets for moving and parking violations in the City of Cleveland.  According to the record of Mr. Barnes's traffic infractions provided by the City of Cleveland, and the declaration of Maria Vargas explaining that record, his unpaid parking tickets resulted in "NONRENEW" status which was reported to the Ohio Bureau of Motor Vehicles.  Specifically, according to Ms. Vargas, non-payment of the January 12, 2010 parking ticket triggered nonrenewal reporting. (Declaration of Maria Vargas, ¶ 6.)  Mr. Barnes states that as a result of his NONRENEW status he was in breach of his

automobile lease, received a citation for expired plates, and incurred damages and expense.  Mr. Barnes seeks actual, compensatory, future, special and punitive damages as a result of his alleged losses.  When Mr. Barnes filed his complaint he was under the impression that his NONRENEW status was predicated on his three traffic camera enforcement violations under Cleveland Codified Ordinance 413.031 ("C.C.O. 413.031").  Mr. Barnes alleges that C.C.O. 413.031 violates his procedural and substantive due process rights under 42 U.S.C. § 1983 and resulted in the unjust enrichment of the City of Cleveland.  Mr. Barnes seeks a declaration that C.C.O. 413.034 is unconstitutional, an injunction suspending the operation of C.C.O. 413.034, and damages.  The City of Cleveland filed the underlying motion for summary judgment on all of Mr. Barnes's claims.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 addresses Summary Judgment, providing:

> **(a)** **Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
>
> . . .
>
> **(c)** **Procedures.**
>
> > **(1)** *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> >
> > > **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> . . .
>
> **(4)** *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
>
> . . .

A movant is not required to file affidavits or other similar materials negating a claim on which the opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

When reviewing a motion for summary judgment, this Court views the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *White v. Turfway Park Racing Ass'n.*, 909 F.2d 941, 943-44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a factual issue is "genuine" the Court considers "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which the party bears the burden of proof at trial. *Celotex*, 477 U.S. at 322. The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992).

3

The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*.

### III. ANALYSIS

Mr. Barnes begins by alleging that C.C.O. 413.031 violates his substantive and procedural due process rights under 42 U.S.C. § 1983. Mr. Barnes also alleges that C.C.O. 413.031 violates his substantive and procedural due process rights under 42 U.S.C. § 1983. (Complaint, Count I, ¶ 14–16.) Section 1983 is not itself a source of substantive rights, but rather provides a right of action for the vindication of independent constitutional guarantees. *See, Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir.1990). To establish a procedural due process claim pursuant to § 1983, plaintiff must establish three elements: (1) that he has a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution; (2) that he was deprived of this protected interest within the meaning of the Due Process Clause; and, (3) that the state did not afford him adequate procedural rights prior to depriving him of the protected interest. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir.1999), citing *Zinermon v. Burch*, 494 U.S. 113, 125–26, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). In the context of an alleged due process violation, a plaintiff may resort to a § 1983 action for relief only where he can demonstrate that the constitutional right was not adequately vindicated by state-law post-deprivation remedies. See *Parratt v. Taylor*, 451 U.S. 527, 543–44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (noting that a § 1983 action is unavailable for deprivation of property without procedural due process where there exists a state remedy that comports with due process), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327, 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); see also *Wilson v. Beebe*, 770 F.2d 578 (6th

Cir.1985) (en banc ) (extending Parratt to deprivations of liberty). Thus, the plaintiff must "plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir.1983).

Mr. Barnes claims without explanation or detail that the state remedy does not comport with procedural due process.  Mr. Barnes offers no evidence in support of this allegation, does not identify the procedure he challenges, and does not connect an alleged defect in process to an identifiable protected interest.  Pursuant to *Celotex, supra,* Mr. Barnes has failed both legally and factually to make showings sufficient to establish essential elements of his procedural due process claim.

With regard to Mr. Barnes's substantive due process claim, substantive due process is generally defined as "[t]he doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed ...." *Pearson v. Grand Blanc*, 961 F.2d 1211, 1216 (6th Cir.1992).  When a government action is challenged under substantive due process, a court must first determine whether a fundamental right is implicated and if not, must apply the rational basis test. See, e.g., *Doe v. City of Lafayette*, 377 F.3d 757, 773 (7th Cir.2004) ("Because we have concluded that the City's [action] does not encroach on a fundamental liberty interest, we are bound to apply the rational basis standard of review ....").  An interest is fundamental for the purposes of substantive due process analysis if it is "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if [it] were sacrificed." *Washington v. Glucksberg*, 521 U.S. 702, 720–721, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997).

It is Plaintiff's burden to establish that Defendants' action was not rationally related to a legitimate government interest. *Valot v. Southeast Local School Dist. Bd. of Educ.*, 107 F.3d

1220 at 1228 (6th Cir.1997). The Sixth Circuit has held that "under rational basis review, ... a purported rational basis may be based on 'rational speculation unsupported by evidence or empirical data' and need not have a foundation in the record." *Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 770 (6th Cir.2005)(citation omitted); *see also, 37712, Inc. v. Ohio Dep't of Liquor Control*, 113 F.3d 614, 620 (6th Cir.1997) ("[I]f any conceivable legitimate governmental interest supports the contested ordinance, that measure is not 'arbitrary and capricious' and hence cannot offend substantive due process norms.").

Mr. Barnes does not dispute the validity of the parking tickets or the photo traffic enforcement tickets, nor does he dispute his non-payment of the tickets.  Mr. Barnes instead contends that the NONRENEWAL status of his license was the result of C.C.O. 413.031 and is improper.  The City of Cleveland has demonstrated that the unpaid parking tickets, and not the C.C.O. 413.031 violations, were the basis of Mr. Barnes inability to renew his license.  Mr. Barnes has not specified which fundamental right he believes he has been denied, however, the Court notes that in "Ohio, a license to operate a motor vehicle is a privilege, not an absolute property right." *Doyle v. Ohio Bureau of Motor Vehuicles*, 57 Ohio St.3d 46 (1990), paragraph 2 of the syllabus.  As such, if C.C.O. 413.031 were the means by which Mr. Barnes was unable to renew his license, this court would review the statute under the rational basis rubric.  The Court also notes that colleagues in the Northern District of Ohio have conducted this analysis and found the ordinance is rationally related to legitimate traffic safety interests.  *See, e.g., Gardner v. City of Cleveland*, 656 F.Supp.2d 751 (2009) ("The Court finds that C.O. 413031 is rationally related to the City's goal of improving traffic safety. . . (762)) and *Balaban v. City of Cleveland*, No. 1:07 cv 1366 (N.D. Oh. 2010) ("The Court agrees that these legitimate interests appear rationally related to [C.C.O. 413.031)]" (*8)), *inter alia.*

However, in this instance, the basis of Mr. Barnes's NONRENEWAL status is not C.C.O. 413.031; as a result his pleading and the material offered in support of his opposition to summary judgment are both factually and legally insufficient to establish the essential elements of a substantive due process claim. Accordingly, Defendants' Motion for Summary Judgment is GRANTED as to Plaintiff's first cause of action.

Although Mr. Barnes does not appear to have paid any of his traffic tickets, his second cause of action alleges unjust enrichment. To the extent that Mr. Barnes could demonstrate that the City of Cleveland had retained a benefit conferred by Mr. Barnes, the necessary element of injustice appears to rely on the claims concerning the validity of C.C.O. 413.031 made in the first and third counts of his complaint. The Court will therefore consider his third claim prior to evaluating the second.

Mr. Barnes's third cause of action requests declaratory and injunctive relief to remedy the same home rule and the jurisdictional claims rejected by the Ohio Supreme Court in *Walker v. Toledo*, No. 2013-1277, 2014-Ohio-1277 (Ohio 2014). (Complaint, Count III, ¶ 19–21.)  In response to allegations that the automated photo traffic enforcement system used in Toledo, which is analogous to the system used in Cleveland, violated the Ohio Constitution, the Ohio Supreme Court held:

> We reaffirm our holding in *Mendenhall v. City of Akron*, 117 Ohio St.3d 33, 2008-Ohio-270, 881 N.E.2d 255, that municipalities have home-rule authority under Article XVIII of the Ohio Constitution to impose civil liability on traffic violators through an administrative enforcement system. We also hold that Ohio Constitution, Article IV, Section I, which authorizes the legislature to create municipal courts, and R.C. 1901.20, which sets jurisdiction of municipal courts, do not endow municipal courts with exclusive authority over civil administrative enforcement of traffic-law violations. Finally, we hold that Ohio municipalities have home-rule authority to establish administrative proceedings, including administrative hearings, related to civil enforcement of traffic ordinances and that

>these administrative proceedings must be exhausted before offenders or the municipality can pursue judicial remedies.

*Id.* at ¶ 3. To the extent that Mr. Barnes requests a declaration that C.C.O. 413.031 is an unconstitutional violation of home rule and derogates the jurisdiction of the municipal court, his claim is unfounded. The ability of municipalities to use photo enforcement is well established. *See, e.g., Mendehall, Walker, supra,* and *State ex rel. Scott v. Cleveland*, 166 Ohio App.3d 293 (2006) (in which the Eighth District Court of Appeals rejected similar challenges to C.C.O. 413.031, referred litigants to the administrative appeal process, and dismissed the complaint.). Accordingly, Defendants' Motion for Summary Judgment is GRANTED as to Plaintiff's third cause of action. Mr. Barnes's second cause of action for unjust enrichment is dependent on his first and third claims regarding the validity of C.C.O. 413.031, as such the claim is MOOT; for the reasons stated above, Defendants' Motion for Summary Judgment is GRANTED as to Plaintiff's second cause of action.

## IV. CONCLUSION

Although the Court has made all reasonable inferences in Plaintiff's favor and liberally construed his *pro se* pleading, Plaintiff has nevertheless failed to satisfy his burden to establish the necessary elements of his claims. *Boag v. MacDougall*, 454 U.S.364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *Celotex*, *supra*. For the foregoing reasons, Defendants' Motion for Summary Judgement is GRANTED in its entirety.

**IT IS SO ORDERED**.

      */s/ John R. Adams*
**U.S. DISTRICT COURT JUDGE**
**NORTHERN DISTRICT OF OHIO**

Dated: September 25, 2015